# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**THOMAS F. SPELLISSY,**

        **Petitioner,**

**vs.**                                   **Case No. 8:10-CV-661-T-27TBM**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

## ORDER

    **BEFORE THE COURT** is Petitioner's Petition for a Writ of Error Coram Nobis to Vacate a Judgment (Dkt. 1) and the Government's response in opposition (Dkt. 8).[1] Upon consideration, the Petition is DENIED.[2]

    A petitioner who has served his sentence and is no longer in custody may petition for a writ of error coram nobis. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). However, relief may not be routinely granted, as the finality of criminal convictions would be undermined. *Id.* The writ of coram nobis is an extraordinary remedy of last resort, "available only in compelling

---

[1] Petitioner's corporate co-defendant filed a similar petition, which has been denied. *See* 8:10-CV-408-T-27EAJ, (Dkt. 11). Because of the similarity of these petitions, much of the Court's discussion and analysis will be repeated.

[2] The instant petition is Petitioner's ninth post trial pleading attempting to challenge his underlying criminal conviction in Case No. 8:05-CR 475-T-27TGW. (CR Dkts. 125, 129, 130, 151, 156, 157, 158, 185). Petitioner also filed two post trial motions attempting to relitigate a pretrial motion to suppress and purporting to raise a discovery issue. (Dkt. 149: "Renewed Motion to Suppress"; Dkt. 193: "Motion to Compel the United States to Produce Impeachment and/or Exculpatory Evidence."). Every post trial motion has been unsuccessful, and the Eleventh Circuit Court of Appeals has affirmed those rulings which were appealed. (CR Dkts. 134, 206, 216).
    Because of the number of motions, their lack of merit and content, and their repetitive nature, this Court found that "Defendants and their attorneys have abused the judicial process" and pursuant to its inherent authority to manage its docket, enjoined Petitioner and his corporate co-defendant from filing any further pleadings other than a notice of appeal without obtaining prior leave of Court. (CR Dkt. 195, pp. 5-6). As the Government correctly points out, the instant filing essentially violates that Order.

circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000); *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954)("This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed . . . , in those cases where the errors were of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.")(quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

As has been noted by the Supreme Court, "it is difficult to conceive of a situation in a federal criminal case today where that remedy would be necessary or appropriate." *Carlisle v. United States,* 517 U.S. at 429 (quoting *United States v. Smith,* 331 U.S. 469, 476 n.4 (1947)). In sum, coram nobis review is an "extraordinary remedy," limited to errors "of the most fundamental character." *United States v. Mills*, 221 F.3d at 1203. Fundamental errors do not include prejudicial misconduct during trial or claims of newly discovered evidence. *Id; Moody v. United States,* 874 F.2d 1575, 1577 (11th Cir. 1989), *cert. denied*, 493 U.S. 1081 (1990).

Nor is the writ available to relitigate criminal convictions. *United States v. Addonizio*, 442 U.S. 178, 186 (1979).[3] It follows that attempts to have the district court revisit its pre-trial rulings are not cognizable in coram nobis. *Moody v. United States,* 874 F.2d at 1577 (citing *Mayer*, 235 U.S. at 69); *See United States v. Aviles*, 2010 WL 2070677, 1 (11th Cir. May 25, 2010) (quoting *Alikhani v. United States,* 200 F.3d 732, 734 (11th Cir. 2000)); *see also United States v. Jackson*, 394 F.2d 114, 115 (5th Cir. 1968).

In the instant Petition, Petitioner essentially attempts to relitigate his underlying conviction and raises many of the same claims he has burdened this Court with in at least nine previously filed

---

[3] Where remedies are shown to have been available but a petitioner did not avail himself of those remedies, he must show sound reasons for not having sought appropriate relief earlier. *Mills,* 221 F.3d at 1203.

post trial motions. Regardless, none of the claims raise errors of a fundamental character, that is, "matters of fact which ha[ve] not been put in issue or passed upon and [are] material to the validity and regularity of the legal proceeding itself." *United States v. Mayer*, 235 U.S. at 68.

### Discussion

Petitioner was convicted of conspiracy to defraud the United States and to commit bribery and wire fraud, in violation of 18 U.S.C. § 371. The convictions were affirmed. *United States v. Spellissy*, 243 Fed. Appx. 550 (11th Cir. 2007).[4]

In **Ground one**, Petitioner, relying on a recently proposed rule addressing disclosure of personal conflicts of interest for "government employees performing acquisition functions," posits: "If there is no regulation or law for defining and reporting contractor's personal conflict of interest, then how does Spellissy conspire to deprive the Department of Defense of the intangible right of a contractor's honest services in the criminal case?" (Dkt.1, p. 3). Nothing in this contention raises error of the "most fundamental character" or which rendered the proceeding itself irregular and invalid. Coram nobis relief is therefore unavailable. *Carlisle v. United States*, *supra*.

In **Ground two**, Petitioner complains that the "Government did not turn over exculpatory or impeaching evidence in discovery that Spellissy was on active duty when the alleged conspiracy was committed." (Dkt. 1, p. 4). Petitioner contends that the "Government now claims that Spellissy was in fact on active duty when the alleged conspiracy was committed," characterizing this as "new evidence."

Notwithstanding his characterization of this claim, Petitioner's essentially challenges the sufficiency of the evidence supporting his conviction. The sufficiency of the evidence was addressed

---

[4] Defendants' post trial Renewed Motion for Judgment of Acquittal was granted as to Counts Two and Three, and denied as to Counts One, Four and Five. (CR Dkt. 72). Defendants' alternative Motion for New Trial was granted as to Counts Four and Five but denied as to Count One, the conspiracy count. *(Id.)*

at the close of the Government's case and on appeal. Claims challenging the sufficiency of the evidence supporting a conviction are properly addressed to the trial court, subject to appellate review, rather than in a coram nobis proceeding. *See Alikhani v. United States*, 200 F.3d at 735(writ available "only when there is and was no other available avenue of relief."); *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988)("[c]laims that could have been raised by direct appeal are outside the scope of the writ."). Accordingly, this claim is not cognizable in a coram nobis proceedings. *See Jackson v. United States*, 394 F.2d 114, 115 (11th Cir. 1968)("The question of the alleged unreasonable search and seizure cannot again be raised by appellant, for it was effectively disposed of and affirmed by us on the merits of the case itself.").

Nor can a claim of "new evidence" be brought in a coram nobis proceeding. *Moody v. United States,* 874 F.2d at 1577. Petitioner's unsupported claims of prosecutorial misconduct or trial irregularity ("[G]overnment suppressed evidence and misled the Court and the Jury as to Spellissy's legal status and authority on active duty") are similarly not cognizable here. *Moody v. United States,* 874 F.2d at 1577 (citing *Mayer*, 235 U.S. at 69); *see United States v. Aviles*, 2010 WL 2070677, 1 (11th Cir. May 25, 2010) (quoting *Alikhani v. United States,* 200 F.3d 732, 734 (11th Cir. 2000)); *see also Jackson v. United States, supra.*[5] In sum, Ground two does not raise a fundamental error rendering Petitioner's conviction irregular and invalid.

In **Ground three**, Petitioner characterizes the prosecutor's argument to the jury that Spellissy was retired from the Army as "false statements" and contends that the prosecutor's closing argument was "misleading to the jury." (Dkt. 1, pp. 8-10). First, an attorney's argument is not evidence.

---

[5] That is not to say that what Spellissy proffers constitutes "evidence." Indeed, he claims he does not have the "evidence," inferring from events which occurred more than a year after he was convicted before the Army review boards that such "evidence" exists. Regardless, Spellissy's status at the time of the offense was not disputed during trial. Even if this claim was cognizable in this coram nobis proceeding, Spellissy has not made a showing that the Government suppressed exculpatory evidence which was material to guilt or innocence.

Secondly, Spellissy's status with the Army, Burke's authority (or lack thereof), and whether there was evidence of payment to Burke, were the subject of testimony at trial and therefore properly the subject of counsel's argument. Moreover, these arguments mirror the meritless arguments Petitioner has been pursuing since his conviction in prior filings. (*See* 8:05-cr-475-T-27TGW; Dkt. 151, pp. 16-18 ("[f]alse and misleading statement by AUSA O'Neill")).  Petitioner makes no showing of fundamental error in Ground three.

In **Ground four**, Petitioner contends that a Government witness, Pettigrew, testified falsely at trial concerning Burke's status with the government.[6]  This is the same contention Petitioner made through counsel in a post trial motion for new trial and therefore is not properly raised again in this coram nobis proceeding. (*See* 8:05-cr-475-T-27TGW; Dkt. 151, p. 22).  Moreover, the claim does not raise a fundamental error.

The Government witnesses were effectively cross examined by Petitioner's attorney, who brought out relevant weaknesses in the Government's case through Pettigrew, including Burke's lack of authority.  Petitioner's corporate co-defendant raised the identical issue in its petition.  The Court's resolution of that issue bears repeating:

> Defendant complains that witness Pettigrew's testimony was false, and that the combination of the use of perjured testimony, the withholding of exculpatory evidence, and prosecutorial misconduct constitute "cumulative error" which violated Defendant's "right to due process of law." (Dkt. 1, pp. 25-27).  Defendant made the same argument with respect to Pettigrew's testimony in a prior motion. (CR Dkt. 151, pp. 23, 32).  Regardless, these contentions are not, even considered in the aggregate, fundamental errors or fundamental irregularities supporting the

---

[6] Petitioner's corporate co-defendant's petition raised the same issue, albeit in a claim of ineffective assistance of counsel. The Court's resolution of that claim bears repeating here, at least in part:

> Defendant's contentions have no merit. First, as to Pettigrew's testimony, he could not have been impeached by another individual's out of court statement. Moreover, whether Burke was inaccurately described as a "public official" by Pettigrew was not material to the offenses charged in the Indictment. It was undisputed that Burke was a civilian contractor. . . .

extraordinary relief available by coram nobis. While Defendant may take issue with Pettigrew's testimony, Defendant has not demonstrated that it was false, in the sense that the trial was rendered unfair.

Petitioner's rambling discussion of why he believes his trial was unfair, whether because of what he believes to have been false testimony, prosecutorial misconduct, or claimed *Brady* [7] violations, does not meet the threshold for coram nobis releif, that is, that the claimed errors be "of the most fundamental character." *United States v. Mills, supra.* These contentions do not relate to "matter[s] of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Moody v. United States,* 874 F.2d at 1576-77.

In **Ground five**, without any evidentiary support, Petitioner alleges that the "Government *fabricated* the 'taped interview' between Don Jones, program Manager for Ammunition, USSOCOM and Colonel Rupp, Inspector General Investigator to have probable cause for the search warrant." (emphasis added). This is essentially the same claim raised by Petitioner's corporate co-defendant in its petition seeking coram nobis relief, albeit raised in the context of an allegation that the "Government knowingly withheld the taped interview between investigators and the USSOCOM Program Manager for Ammunition."[8]

These inconsistent contentions underscore the lack of arguable merit in this conclusory contention. For the same reasons that claim was rejected in that case, it is rejected here:

> In Ground Four, Defendant contends that the "Government knowingly withheld the taped interview between investigators and the USSOCOM Program Manager for Ammunition." (Dkt. 1, p. 28). This is the same complaint Defendant made in two prior motions, albeit one was procedurally improper. (CR Dkt. 147; CR Dkt. 151, p. 9)("Defendants were never given this tape . . .").

---

[7] See *Brady v. Maryland,* 373 U.S. 83 (1963)

[8] Spellissy was President of Strategic Defense International , Inc., ("SDI"), his corporate co-defendant.

Don Jones is identified as the "USSOCOM Program Manager for Ammunition." (Id.) Defendant describes the "taped interview" of Jones as "New evidence" obtained "after trial." (Id.)   The existence of the tape, however, was referenced in the affidavit of Agent Calvert filed in support of the search warrant, as Defendant acknowledges. Indeed, Defendant quotes from Agent Calvert's Affidavit for Search Warrant which expressly refers to the March 2, 2005 taped interview of Jones. (Dkt. 1, p. 28).

Defendant apparently has since obtained what it refers to as the "Vaughn matrix" in a separate FOIA proceeding.  It contends that the matrix "is missing an alleged 'taped interview' between Mr. Don Jones, USOCOM Ammunition Program Manager and Colonel Rupp, Inspector General."   Defendant considers the matrix as "new evidence." (Id. at p. 28).  From this, Defendant apparently infers that Calvert referred to a tape which did not exist, and the Government knew this.

Ironically, Defendant does not contend that the tape recording exists or does not exist. ("The Government's alleged taped interview may or may not exist."). Notwithstanding, Defendant continues to malign the prosecutor by positing "if the prosecutor knew or should have known that the tape never existed, then he suborned perjury." (Id. at p. 29).  Alternatively, Defendant contends that if the tape does exist, it was never disclosed by the Government, another claimed *Brady* violation. (Dkt. 1, p. 30).

Considering the extensive pretrial *Franks*[9] hearing and the significance of Agent Calvert's affidavit and testimony with respect to the merits of Defendants' pre-trial motion to suppress, including the statements he attributed to Jones, these contentions merely raise factual matters which could have been addressed before trial.  Whether or not the tape of Jones' interview exists today is of no moment.  The recording was at issue during the *Franks* hearing.  It was expressly referenced in Agent Calvert's Affidavit for Search Warrant.  Defendant invoked its right to Rule 16 discovery before trial, and presumably received all that was required to be produced by the Government.  Defendant's contention is essentially a complaint of trial irregularity, a claim not cognizable here. *Alikhani v. United States*, 200 F.3d at 735 (writ available "only when there is and was no other available avenue of relief.")(footnote omitted).Where a petitioner could have but did not pursue a claim in pretrial proceedings, the claims are not cognizable on coram nobis review. *Alikhani*, 200 F.3d at 734.  This contention does not raise a fundamental factual error or fundamental irregularity in the trial proceedings.

In **Ground six**, Petitioner challenges the sufficiency of the evidence supporting his conspiracy conviction.  Petitioner contends: "Therefore, the conspiracy count should be vacated

---

[9] *Franks v. Delaware*, 438 U.S. 154 (1978).

because there is no evidence to convict Spellissy of the criminal objects that are charged in the indictment and this is contrary to law." (Dkt. 1, p. 18).

As noted, the sufficiency of the evidence was the subject of post trial motions and a direct appeal. Moreover, Petitioner challenged the sufficiency of the evidence in at least one of his several collateral attacks on his conviction (*See* 8:05-cr-475-T-27TGW; Dkt. 151, pp. 27-28). Accordingly, having had the opportunity to challenge the sufficiency of the evidence, he may not relitigate the issue again in this coram nobis petition. *See Jackson v. United States*, 394 F.2d at 115.

To the extent Petitioner attempts to challenge the validity of the Indictment, this likewise is an issue Petitioner has unsuccessfully pursued in a prior motion. (*See* 8:05-cr-475-T-27TGW; Dkt. 151, pp. 29-30). Suffice it to say that the Indictment properly charged a § 371 conspiracy over which the district court had jurisdiction. There is accordingly no fundamental jurisdictional error otherwise cognizable in a coram nobis proceeding. Moreover, Petitioner's contention that he was convicted of an offense which was not charged in the Indictment is disingenuous, if not frivolous. Petitioner's corporate co-defendant raised this same contention. These contentions are rejected for the same reasons:

> . . . Defendant challenges the sufficiency of the evidence and the validity of the indictment (FN 9: It is apparent that Defendant seizes upon an inadvertent reference to mail fraud by the Court in its ruling on Defendants' motion for judgment of acquittal. Defendant expressly cites to that comment in its petition. (Dkt. 1, p. 55)(citing CR Dkt. 113, p. 57, line 57). From this inadvertent comment, Defendant constructs a disingenuous argument that "SDI was erroneously convicted of conspiracy to commit mail fraud . . . because this object of the conspiracy was not charged in the Conspiracy Count of the Indictment" [and] "[i]n this case the broadening of the Indictment occurred at the JNOV Hearing." (Dkt. 1, pp. 54-55). This argument is patently frivolous.)

> These issues could have been raised on appeal and are therefore barred from review in a coram nobis proceeding. *Alikhani v. United States*, 200 F.3d at 735(writ available "only when there is and was no other available avenue of relief."); *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988)("[c]laims that could have been

raised by direct appeal are outside the scope of the writ."). In fact, Defendant unsuccessfully challenged the sufficiency of the evidence on appeal.

In **Ground seven**, Petitioner contends that he was "denied his constitutional right to testify at the *Franks* hearing and trial." (Dkt. 1, p. 21). Petitioner contends that his attorney "never explained that it was their constitutional right to testify and Spellissy insisted that he testify and defense counsel did not let him." (Id.) He argues that he was prejudiced because "Spellissy could have corroborated Burke's testimony." (Id. at p. 22).

This identical claim was raised by Petitioner's corporate co-defendant in its petition, as Ground Nine. (In **Ground Nine**, Defendant contends that "[t]he President (Spellissy) was denied his constitutional right to testify at the *Franks* hearing and trial." Defendant contends that his attorney "never explained that it was their constitutional right to testify and the President insisted that he testify and defense counsel did not let him." (Dkt. 1, p. 63)).

This is essentially a claim of ineffective assistance of counsel. *See United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir.)("[t]he appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984)), *cert. denied*, 506 U.S. 842 (1992). As such, this claim constitutes a collateral attack on Petitioner's conviction more appropriately raised in a motion to vacate under 28 U.S.C. § 2255. Petitioner is no longer in custody, however. "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).

This construed claim of ineffective assistance is due to be dismissed for a number of reasons. First, Petitioner already availed himself of the opportunity to collaterally attack his conviction under

§ 2255, no less than four times. (*See* 8:05-cr-475-T-27TGW; Dkts. 126, 130, 133, 151). Each motion was denied.(Id., Dkts. 145, 146, 152). In Dkt. 151, Petitioner raised a broad claim of ineffective assistance of counsel, including grounds which Petitioner's corporate co-defendant raised again in its coram nobis petition. (*See* 8:05-cr-475-T-27TGW; Dkt. 151, pp. 33-37). Not to be deterred, Petitioner, through the same counsel, filed yet another post trial motion claiming that counsel deprived him of the right to testify, expressly raising the *same* contention he now makes. (*See* 8:05-cr-475-T-27TGW; Dkt. 158, p. 7)("At the <u>Franks</u> hearing and Trial, Defendants wanted to testify on their own behalf, however, Spellissy was not allowed by counsel, denying Spellissy his Constitutional Right to testify as his own witness."). That motion was denied in part because it constituted a successive § 2255 motion. (Id., Dkt. 166). A certificate of appealability was denied. (Id., Dkts. 206, 207, 214).

Petitioner filed yet another post trial motion claiming ineffective assistance of counsel, albeit on different grounds. (*See* 8:05-cr-475-T-27TGW; Dkt. 185, p. 8). That motion was also denied as a successive § 2255 motion and a certificate of appealability was denied, which was affirmed. (Id., Dkt. 196; Dkt. 214).

In sum, this coram nobis proceeding is not available for Petitioner to relitigate these claims or to circumvent the bar against successive collateral attacks on a conviction. He had the opportunity to raise that claim collaterally, and indeed did so, in his prior § 2255 motion(s). *Jackson v. United States*, 394 F.2d at 115. Further, there is nothing fundamental or compelling about the claimed error. Indeed, the record belies Petitioner's contention that he was prevented from testifying at trial by his attorney.

After the Government rested, the Court conducted an *in camera* hearing during which it

expressly advised Petitioner that the decision to testify was "your decision alone," after considering the advice of his attorney (*See* 8:05-cr-475-T-27TGW; Dkt. 111, pp. 744-46). The record demonstrates that Petitioner understood that he had the right to testify. He expressly confirmed that he made the decision not to testify, that he had no questions about that decision, and that there were no "conflicts or issues that [he] need[ed] to share" with the Court "concerning that very important decision." (Id.).

A criminal defendant has a constitutional right to testify at trial which cannot be waived by defense counsel. *Hester v. United States*, 335 Fed. Appx. 949, 951 (11th Cir. 2009); *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir.), *cert. denied*, 506 U.S. 842 (1992). That decision cannot be exercised by counsel. *Id.* at 1533. To be effective in this context, counsel must advise a defendant of his right to testify or not testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide whether to testify. *McGriff v. Department of Corrections*, 338 F.3d 1231, 1237 (11th Cir. 2003). Counsel is strongly presumed to have been competent, and Defendant's burden of persuasion, although not insurmountable, is a "heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314-16 (11th Cir. 2000). Where, as here, counsel is experienced, the presumption of competence is even higher. *Id.*; *Reynolds v. United States*, 233 Fed. Appx. 904, 905 (11th Cir. 2007).

If, as Petitioner apparently now contends, he disagreed with counsel's strategic decision not to put Petitioner on the stand, it was incumbent upon Petitioner to apprise the Court of that disagreement during the *in camera* hearing, failing which it is presumed that he knowingly waived his right to testify. *See Goff v. Bagley*, 601 F.3d 445, 473 (6th Cir. 2010)("Indeed, 'when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed,' and if a

defendant disagrees with this decision, he 'must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand'" . . . "When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct.  Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so." *Id.* (quoting *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000)).

In sum, Petitioner's conclusory allegation that his attorney prevented him from testifying is "affirmatively contradicted by the record." *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989)(no evidentiary hearing required where allegation affirmatively contradicted by record).

With respect to Petitioner's contention that his attorneys prevented him from testifying at the *Franks* hearing, that contention has no *constitutional* merit.  Petitioner cites no authority for the proposition that he had a constitutional right to testify at the *Franks* hearing.  Indeed, he did not have a constitutional right to even attend the hearing. *United States v. Pepe*, 747 F.2d 632, 653-54 (11th Cir. 1984)("[t]he right to be present at every stage of trial does not confer upon the defendant the right to be present at every . . . [hearing or] conference with the trial judge at which a matter relative to the case is discussed." (quoting *United States v. Vasquez*, 732 F.2d 846, 848 (11th Cir. 1984)); *United States v. Gradsky*, 434 F.2d 880, 882-83 (5th Cir. 1970), *cert. denied,* 409 U.S. 894 (1971)(no Sixth Amendment right to be present during pretrial suppression hearing).[10]

Even assuming a constitutional right to testify at a pre-trial hearing, and that counsel prevented Petitioner from testifying or failed to explain his right to testify, Petitioner has not

---

[10] *But see Rock v. Arkansas*, 483 U.S. at 51 n.9 ("This right reaches beyond the criminal trial; the procedural due process constitutionally required in some extrajudicial proceedings includes the right of the affected person to testify."); *Reinert v. Larkins*, 379 F.3d 76, 95-96 (3rd Cir. 2004); *United States v. Rashaad*, 249 Fed. Appx. 972 (4th Cir. 2007).

demonstrated any prejudice resulting from that alleged deficient performance. In the context of an ineffective assistance claim, Petitioner does not satisfy the second prong of the *Strickland* test. *See Beeman v. Iowa*, 108 F.3d 181, 184 (8th Cir. 1997)(no prejudice from counsel's failure to call defendant as witness in suppression hearing); *Reinert v. Larkins*, 379 F.3d 76, 95-96 (no prejudice because defendant would not have "added anything to the mix in his favor.").

In analyzing the veracity of the warrant affidavit, the Court referenced each contention Petitioner made in his pretrial motion to suppress. (CR Dkt. 44).  The cross examination of the affiant and the testimony of the other witnesses supported the Court's factual findings relative to whether the averments were truthful in the context of *Franks*.  Petitioner proffers nothing that would have changed the result of that hearing. In sum, Petitioner's testimony would have added nothing to the mix. Not only is this claim not compelling, it does not raise a fundamental error which rendered the "the proceeding itself irregular and invalid." *United States v. Morgan*, 346 U.S. at 509 n.15 (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)).

Finally, in **Ground eight**, Petitioner accuses the prosecutor of "purposely" committing "subterfuge in the instant case when he knowingly planned to impeach his own witness." (Dkt. 1, p. 22).  This contention, as well as Petitioner's implied allegation of prosecutorial misconduct by way of allegedly "false statements" made during opening statement and closing argument, does not rise to the level of fundamental error warranting coram nobis relief.  Indeed, where, as here, there were no contemporaneous objections to the prosecutor's statements, the claimed error would be subject to a plain error analysis. *United States v. Sharma*, 2010 WL 3314492, 3 (11th Cir. 2010)("Absent a contemporaneous objection, the propriety of the Government's closing argument and alleged prosecutorial misconduct in improperly vouching for a witness' credibility are reviewed

under a plain error standard.")(quoting *United States v. Newton*, 44 F.3d 913, 920 (11th Cir.1995).

Even under the plain error standard, Petitioner has not shown error which affected his substantial

rights or which affected "the fairness, integrity, or public reputation of judicial proceedings." *United

States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

Certainly, considering the limited scope of coram nobis relief, Petitioner's claims of

prosecutorial misconduct do not rise to the level of error of the most fundamental character, such that

it rendered his trial "irregular and invalid." *United States v. Morgan*, 346 U.S. at 509 n.15

(1954)("This jurisdiction was of limited scope; the power of the court thus to vacate its judgments

for errors of fact existed, as already stated, in those cases where the errors were of the most

fundamental character; that is, such as rendered the proceeding itself irregular and invalid.").

### Conclusion

"The bar for coram nobis relief is high," and the writ may issue only when (1) "there is and

was no other available avenue of relief" and (2) "the error involves a matter of fact of the most

fundamental character which has not been put in issue or passed upon and which renders the

proceeding itself irregular and invalid." *United States. v. Aviles*, 2010 WL 2070677, 1 (11th Cir.

2010)(quoting *Alikhani v. United States,* 200 F.3d 732, 734 (11th Cir. 2000)).   Petitioner's

allegations of newly discovered evidence, misconduct during trial, and attempts to have the district

court reconsider its prior rulings are not cognizable in coram nobis. *Moody v. United States,* 874 F.2d

1575, 1577 (11th Cir. 1989)(citing *Mayer*, 235 U.S. at 69); *United States v. Aviles,* 2010 WL

2070677, 1 (11th Cir. May 25, 2010)(quoting *Alikhani v. United States,* 200 F.3d 732, 734 (11th Cir.

2000)).

Petitioner has not demonstrated that any of the errors he contends occurred involved matters

-14-

of fact "of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."   Nor has he demonstrated a fundamental miscarriage of justice in the prosecution and conviction.   Accordingly, an evidentiary hearing is unnecessary.   Therefore, it is

**ORDERED AND ADJUDGED** that Petitioner's Petition for a Writ of Error Coram Nobis to Vacate a Judgment (Dkt. 1) is DENIED.  The Clerk is directed to close this case.

**DONE AND ORDERED** this _5_ day of October, 2010.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Petitioner, *pro se*
Counsel of Record